UNITED STATE BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Hartford Division

IN RE:                                    } CHAPTER 11

BUSHNELL REGENCY, LLC                     # 10-
    Debtor                                }

---------------------------------------
BUSHNELL REGENCY, LLC
    Movant

V.

WELLS FARGO BANK
MINNESOTA, N.A. AS TRUSTEE
FOR THE REGISTERED HOLDERS OF
GMAC COMMERCIAL MORTGAGE
SECURITIES, INC. MORTGAGE
PASS-THROUGH CERTIFICATES,
Series 2003-C2
    Respondent                            MARCH 25, 2010


DEBTOR'S MOTION FOR PRELIMINARY AND FINAL ORDERS
ALLOWING USE OF CASH COLLERAL

Bushnell Regency, LLC ("Debtor") hereby moves, pursuant to 11 U.S.C. Sec. 363(c)(2) and Rule 4001(b)(1) of the Federal Rules of Bankruptcy Procedure for a Preliminary and Final Order allowing the Debtor to use cash collateral. In support of this Motion, Debtor respectfully states as follows:

1. Debtor filed this petition for relief under Chapter 11 of the United States Bankruptcy Code on March 25, 2010.

2. Debtor's business consists of ownership of approximately 129 residential condominium units located at 100 Wells Road, Hartford, CT. (the "Property")

3. Debtor employs five full time staff who performed work associated with the Debtor's operations.

4. Debtor continues to operate the business as a Debtor-Possession pursuant to Section 1107 and Section 1108 of the Bankruptcy Code.

5. No Trustee or Unsecured Creditors Committee has been appointed in this case.

6. Wells Fargo Bank Minnesota N.A. as Trustee for the registered holders of GMAC Commercial Mortgage Securities, Inc. Mortgage Pass-Through Certificates, Series 2003-C2, is the holder of a Promissory Note in the original principal amount of $12,798,000.00 executed by Debtor in favor of Morgan, Stanley Dean Witter Mortgage Capital Inc .dated December 20, 2002. (Wells Fargo)

7. The Wells Fargo Note is secured by, among other things a mortgage on the Property recorded on December 20, 2003 in Volume 4675 at Page 151 of the City of Hartford Land Records. (the "Mortgage")

8. The Mortgage provides, among other things that the collateral for the loan includes leases and rents affecting the Property.

9. The Note is further secured by an Assignment of Leases and Rent dated December 20, 2002 recorded on December 20, 2002 in Volume 4675 at Page 234 if the City of Hartford Land Records.

10. The Assignment of Leases and Rents provides, among other things for the assignment of the Leases, Rents, Proceeds and other rights under the Leases for the Property.

11. Nothing herein shall affect or impair the status of the validity, perfection amount or extent of the Wells Fargo security interest in the collateral under its Loan Documents.

12. To the extent the above described loan of Wells Fargo is secured by duly perfected non-avoidable liens in the Debtor's' "cash collateral" as such term is defined under Section 363(a) of the Bankruptcy Code, Section 363(c)(2) requires that Wells Fargo consent or this Court authorize the Debtor's use of such property.

13. The Debtor seeks to use cash collateral on a preliminary basis from the date of the hearing on this Motion through July 1, 2010 (the "Preliminary Period") to pay actual, necessary ordinary course operating expenses set forth in Schedule A appended hereto. Additionally, this Motion requests a final hearing for the authority to use cash collateral following the expiration of the Preliminary Period.

14. As adequate protection for the use of the Wells Fargo cash collateral within the meaning of 11 U.S.C. Sec. 361 and 363, the Debtor proposes to grant to Wells Fargo a replacement lien in all after acquired cash collateral, limited, however, to the same extent, priority and validity as its valid, duly enforceable liens on the Petition Date and excluded from the replacement lien on post-petition assets will be bankruptcy causes of action available to the estate.

15. The liens of Wells Fargo and any replacement lien thereof pursuant to this Order, and any priority to which the Secured Creditor may be entitled or

become entitled under Section 507(b) of the Bankruptcy Code, shall be forever subject to (i) amounts payable pursuant to (i) Section 1930(a)(6) of Title 28 of the United States Code and any fees payable to the Clerk of the Court; (ii) the allowed administrative claims of attorneys and other professionals retained in this Chapter 11 case pursuant to 11 U.S.C. Sec. 327 and 1103 accrued during the Cash Collateral Term; any amounts due and owing to the Debtor' employees for post-petition wages.

16. The Debtor submits that the use of cash collateral on the terms and conditions set forth herein is necessary to preserve and maximize the value of the Debtor's estate. The Debtor submits that unless use of cash collateral is authorized in the amounts and for the purposes specifies herein, the Debtor's Estate will suffer immediate and irreparable harm. Without the use of cash collateral, the Debtor will be forced to layoff employees and cease operations, thereby resulting in loss to the value of the Debtor's property with resulting losses to the Estate's creditors. The entry of the Order authorizing Preliminary Use of Cash Collateral and Providing Adequate Protection will minimize disruption of the Debtor's business operations, permit the Debtor to pay essential expenses such as wages operating fees and other necessary expenses, and it is in the best interests of the Debtor, its creditors and estate.

WHEREFORE, the Debtor request that this Court enter the Order, pursuant to 11 U.S.C Section 363(c)(2) and Rule 4001(b)(1) of the Federal Rules of Bankruptcy Procedure granting the preliminary relief sought herein for

the use of cash collateral; and for such further and other relief as this Court deems just and proper.

        DEBTOR

        BUSHNELL REGENCY, LLC

        BY

        /s/
        _____
        Thomas J. Farrell
        Levy & Droney P.C.
        274 Silas Deane Highway
        Wethersfield, CT. 06109
        860-257-9327
        Fax: 860-257-9324
        Email: tfarrell@ldlaw.net
        Federal Bar #00861