UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| BUSHNELL REGENCY, LLC, | : | Case No. 10-20929 (ASD) |
| Debtors. | : |  |

**REPLY OF WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE, IN FURTHER SUPPORT FOR THE ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

TO:   HONORABLE ALBERT S. DABROWSKI
      UNITED STATES BANKRUPTCY JUDGE

Wells Fargo Bank Minnesota, N.A., as Trustee for the Registered Holders of GMAC Commercial Mortgage Securities, Inc. Mortgage Pass-Through Certificates, Series 2003-C2 (hereinafter, the "Lender" or "Movant"), through its undersigned counsel, McCarter & English, LLP, hereby submits this Reply Brief in further support of Lender's motion (the "Motion"), for the entry of an order granting Lender relief from the automatic stay. A hearing on the Motion is scheduled for May 27, 2010.

**INTRODUCTION**

In its opening brief, Lender established that this Court should enter an Order granting Lender relief from the automatic stay pursuant to sections 362(d)(1) and (d)(2) of the Bankruptcy Code. In support of its Motion, the Lender presented the Certifications of Jeffrey C. Carter and David A. Reif, Esq., detailing the following specific facts which support the relief requested:

ME1 9953198v.2

- the Debtor has not made any debt service payments to the Lender since November 2008;

- a Judgment of Strict Foreclosure was entered against the Debtor on November 9, 2009 by the Connecticut Superior Court (the "Foreclosure Judgment");

- pursuant to the Foreclosure Judgment, the debt owed by the Debtor to the Lender, as of October 31, 2009, exceeded $15,426,000;

- the Law Day under the Foreclosure Judgment expired on March 25, 2010;

- the Debtor filed its Petition on March 25, 2010; anticipating that its filing would hinder and delay the Lender's right to complete the foreclosure;

- the current fair value of the Property is millions of dollars less than the mortgage indebtedness, based on the Debtor's own admission as reflected in Schedule A to its Schedules of Assets and Liabilities and the two (2) appraisals obtained by the Lender in the preceding year;

- as of the Petition Date, the Debtor owed over $274,000 in unpaid condominium assessments;

- as of the Petition Date, the Debtor owed over $105,000 in unpaid real estate taxes to the City of Hartford; and

- money is owed to the Internal Revenue Service, although the amount owed is unclear.[1]

On May 7, 2010, the Debtor filed its Memorandum of Law in Opposition to the Lender's Motion ("Opposition") (Docket No. 63). Rather than addressing or disputing the evidence and arguments of the Lender, the Debtor's Opposition centers on one theme; that the filing of the Debtor's bankruptcy proceeding has indefinitely extended the Debtor's time to exercise the discounted pay-off option in the Foreclosure Judgment and that the Debtor can satisfy the Lender's claim by the payment of the reduced pay-off amount sometime in the future. As explained below, the Debtor's premise is flawed.

---

[1] In its Opposition, the Debtor states that the Lender has misstated the amount due under the IRS claim. The Debtor seems to be claiming that the Amended Claim filed by the IRS on April 13, 2010, in the amount of $12,300 states the full amount of the IRS claim. What the Debtor overlooks is the fact that the IRS filed its initial claim in this case on April 8, 2010 in the amount of $383,880. There is nothing in the IRS Amended Claim which indicates that the Amended Claim filed by the IRS replaces or supersedes the IRS's original Proof of Claim filed in this case.

2

ME1 9953198v.2

## **ARGUMENT**

The Lender incorporates by reference all of the previous arguments made in its Motion at pages 7-11 as if those arguments were fully set forth herein. In addition, the issue raised by the Opposition is the difference between a date certain, and the Debtor's use of an undated law day.

In making its argument, the Debtor focuses on its alleged ability to satisfy the mortgage indebtedness at a discount because the "law day" has not yet occurred. That is not what the Foreclosure Judgment says.

Paragraph two of the Foreclosure Judgment expressly states that the Debtor's right to exercise the reduced pay-off option must be exercised "on or before the law day set for redemption by the holder of the equity of redemption." See Foreclosure Judgment at ¶ 2. In turn, paragraph 3 of the Foreclosure Judgment sets January 11, 2010, as the specific "law day" by which the Debtor may exercise the reduced pay-off option. See Foreclosure Judgment at ¶ 3. The Debtor failed to exercise its right to the discounted pay-off option "on or before" January 11, 2010. The state court, at the request of the parties, extended the deadline to March 25, 2010, and set that date by which the holder of the equity of redemption can pay the indebtedness. In essence, the Debtor now is asking this Court to simply read paragraph 2 of the Foreclosure Judgment without any reference to the date certain set in paragraph 3 for the exercise of the option, and find that the option still exists with no termination date. In acknowledging that this Court must enforce the Final Judgment as written, the Debtor cannot ask the Court to re-write this one provision.

The reading of the Final Judgment by the Debtor defies common sense. To resolve certain contested issues in the foreclosure action, the parties negotiated for a specific payment if

3

paid by a date certain. The parties then negotiated extensions of that date certain, with payment of certain fees by the Debtor pre-petition. The Debtor did not make the payment, and instead filed the bankruptcy petition. The Debtor would now deprive the Lender of the benefit of its bargain (a sum certain by a date certain) with no increase in the sum to be paid due to the time value of money. The offer of adequate protection is illusory, as the monthly debt service on the unpaid principal is $75,746 and the adequate protection payment is only $45,000 per month.

In addition, the Debtor fails to state that paragraph 8.B. of the Foreclosure Judgment allows the Lender, in the exercise of its discretion, to deem the entire Judgment null and void and set aside the entire Judgment in the event the Debtor files a voluntary petition in bankruptcy. This is another example that the discounted pay off was to be paid by a date certain, and if the Lender did not get the benefit of the mutual bargain it could elect to invalidate the Final Judgment and the parties return to the position they were in prior to the agreement. There would then be no ability to satisfy the mortgage indebtedness at a discount. Although it has not yet done so, the Lender still retains the option to elect that the entire Judgment be rendered null and void.

The Debtor cannot rely on C.G.S. § 49-15 to assert that it can satisfy the mortgage at a discount. Indeed, by its plain language this statute only addresses the opening of the law day upon a mortgagor's filing of a voluntary bankruptcy petition. The statute is silent regarding the argument advanced by the Debtor. Section 49-15(b) states in relevant part:

> Upon the filing of a bankruptcy petition by a mortgagor under Title 11 of the United States Code, any judgment against the mortgagor foreclosing the title to real estate by strict foreclosure shall be opened automatically without action by any party or the court, provided, the provisions of such judgment, other than the establishment of law days, shall not be set aside under this

4

>   subsection, provided no such judgment shall be opened after the
>   title has become absolute in any encumbrancer or the mortgagee,
>   or any person claiming under such encumbrancer or mortgagee.

C.G.S. § 49-15(b).

The statute provides that the law days are opened. Pursuant to section 49-15, the Debtor may argue that the filing of this bankruptcy proceeding preserved the Debtor's right to redeem the Property for the full amount of the debt owed to Lender, but the Debtor is incorrect in arguing, and has offered no legal support for its position that C.G.S § 49-15 somehow preserves the reduced pay-off option in the Foreclosure Judgment.

The Lender submits that there is no provision of state law or of bankruptcy law which allows a debtor to resurrect or to seek to enforce rights in a contract provision or option that expires due to the passage of time. It is settled law that the automatic stay provisions of Section 362 do not toll the running of a time period post-petition. At best, the Debtor can seek to rely upon 11 U.S.C. 108(b) to extend for sixty (60) days the ability to pay at a discount. See In re Canney, 284 F.3d 362, 372 (2d Cir. 2002) (holding that the time limitations of section 108(b) of the Bankruptcy Code governs the tolling of the period of equitable redemption); see also In re Young, 396 B.R 257, 264 (Bankr. D. CT 2008) ( quoting Canney, with approval, and holding that, under Connecticut law, the time limitations of section 108(b) rather than 362(a) controlled the tolling of the equity of redemption under a tax sale). In this proceeding, the sixty day period expires on or about May 25, 2010.

The Debtor cannot escape from the undisputed facts of this case. It claims to have a sense of responsibility to pay creditors. But, it diverted rental revenue for months pre-petition. It did not pay the condominium fees, and thus they will have to be paid by the Lender at some point in the future (thus, the bankruptcy is not needed to protect payment of this claim). The

5

Debtor did not pay the real estate taxes, and thus they will have to be paid by the Lender (and thus this creditor is protected absent the bankruptcy). That leaves only a small number of non-insider unsecured creditors, who bear the risk by extending unsecured credit. This is a bad faith filing. Separate from that conclusion, relief from the automatic stay is warranted under 362.[2]

**WHEREFORE**, the Lender respectfully requests that the Court enter an order granting the relief requested in the Motion, and granting such other and further relief as is just and proper.

Dated: May 19, 2010
Hartford, Connecticut

    Respectfully submitted,

    McCARTER & ENGLISH LLP
    Attorneys for Wells Fargo Bank Minnesota, N.A.,
    as Trustee for the Registered Holders of GMAC
    Commercial Mortgage Securities, Inc. Mortgage
    Pass-Through Certificates, Series 2003-C2.

    *David A.Reif*
    David A. Reif (CT 00244)
    Joseph Lubertazzi, Jr. (*pro hac vice granted*)
    City Place I
    185 Asylum Street
    Hartford, CT 06103
    Tel:    (860) 275-6700

---

[2] In its Opposition the Debtor refers to Section 510(b)(2)(A)(iii) in its discussion relating to the cram down provisions of the Bankruptcy Code. See Opposition, at page 9. Lender believes that this is a scrivener's error and that Debtor is referring to section 1129(b)(2)(A)(iii) of the Code. Notwithstanding, Lender submits that the Debtor's argument regarding a cram down of Lender's claim pursuant to 1129(b)(2)(A)(iii) is premature at best, since the Debtor has not presented this Court or the creditors of the Estate with any substantive information concerning a plan of reorganization, but more likely illusory, since the Debtor has not come forward with any information regarding what unencumbered assets the Estate holds that could be considered by this Court as the indubitable equivalent of the Lender's claim in this case.

6

ME1 9953198v.2

Fax: (860) 724-3397

7

ME1 9953198v.2